MURDOCK, Judge,
concurring in the result.
I concur in the result reached by the main opinion. I write separately only to note the following: The main opinion references a potential issue relating to § 95 of the Alabama Constitution. Judge Thompson responds to this reference in his dissent, discussing our Supreme Court’s holding in Ex parte F.P., 857 So.2d 125 (Ala.2003). Among other things, our Supreme Court stated in Ex parte F.P. that “the father’s rights had vested before the passage of Act No. 2002-417[, Ala. Act. 2002,] and [, therefore,] that Act cannot be applied retroactively as to him” under Article IV, § 95, Ala. Const, of 1901. 857 So.2d at 138. The Supreme Court also stated in Ex parte F.P.: “[W]e do not address the arguments concerning the constitutionality of the substantive provisions of the Act in proceedings where § 95 is not at issue; we leave those questions for another day.” 857 So.2d at 138.
There may well be potential issues concerning the retroactive nature of the 2002 amendments to the Putative Father Registry Act; however, those issues have not been raised and I therefore would not address them.